UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA

                - v. -

LUIS VILELLA,
           a/k/a "Angel Martinez"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

         **CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT**

         S5 19 Cr. 789 (PGG)

WHEREAS, LUIS VILELLA (the "Defendant") was charged in an two-count Superseding Information, S5 19 Cr. 789 (PGG) (the Information"), with conspiracy to violate the Travel Act, in violation of Title 18, United States Code, Section 371 (Counts One and Two); and

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit, pursuant to Title 18, United States Code Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c), a sum of money representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $50,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Mathew Andrews, of counsel, and the Defendant and his counsel, Florian Miedel, Esq, that:

1.      As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $50,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant LUIS VILELLA , and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          11/13/25
MATHEW ANDREWS                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-6526


LUIS VILELLA

By: _____          11/13/25
LUIS VILELLA                            DATE


By: _____          11/13/25
FLORIAN MIEDEL, ESQ.                    DATE
Attorney for Defendant
80 Broad Street, Suite 1900
New York, NY 10004

SO ORDERED:

_____          Nov. 13, 2025
HONORABLE PAUL G. GARDEPHE               DATE
UNITED STATES DISTRICT JUDGE